UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MARIO PEREZ-SANTOS,
    Plaintiff,

v.       CIVIL NO. 96-2282(PG)

JOSE A. MALAVE, ET AL.,
    Defendants.

## OPINION AND ORDER

Plaintiff, Mario Pérez-Santos, moved this Court for entry of a default judgment against co-defendant Jose A. Malavé. A hearing was held on April 12, 2000. Testimony was heard from plaintiff Pérez-Santos and the matter stands submitted. The Court is now ready to rule whether plaintiff is entitled to the relief requested upon the well pleaded facts alleged in the complaint.

### Background

Pérez-Santos originally filed the complaint against Victor Fajardo, Secretary of the Department of Education and Jose A. Malavé, Superintendent of the School District Rio Piedras I and plaintiff's direct supervisor. Plaintiff alleges that the defendants illegally and without his authorization disclosed confidential information from his personnel record at the Department of Education in violation of the Privacy Act of 1994, 5 U.S.C.A. § 552A, and the Fourth Amendment of The United States Constitution. He seeks damages for the alleged




Civil No. 96-2282(PG) Page 2

breach of privacy, as well as legal fees, and punitive damages. Plaintiff also alleges state law claims.

Co-defendant Fajardo was dismissed from the complaint in his official capacity under the Eleventh Amendment immunity and in his personal capacity because as an individual officer he is not covered under the Privacy Act.

Co-defendant Malavé who has failed to respond or otherwise defend in this action is also sued in his personal and official capacities.

## Discussion

Entry of a default judgment is a drastic remedy usually reserved as last resort and subject to the court's discretion. Davis v. Musler, 713 F.2d 907, 912 (2nd Cir. 1983). There must be a sufficient basis in the pleadings to support a claim against a party before a default judgment is entered against that party. See Nishimatsu Co. Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well pleaded or to admit conclusions of law"). The reason for the above is that "a default is not treated as an absolute confession by the defendant of his liability and as the plaintiff's right to recover." Id; Wahl v. McIver, 773 F.2d 1169, 1172-73 (11th Cir. 1985) (district court was correct in denying motion for default judgment against county's public defender since the plaintiff's allegations did not state a

cause of action against him); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2nd Cir. 1981) (Following default, court "need not agree that the alleged facts constituted a valid cause of action"); Weft, Inc. v. G.C. Inv. Associates, 630 F. Supp. 1138, 1141 (E.D.N.C. 1986) (After default entry, court still bound to "consider whether plaintiff's allegations are sufficient to state a claim for relief."), aff'd Weft, Inc. v. Georgaide, 882 F.2d 56 (4th Cir. 1987).

In this case, the complaint alleges a Privacy Act and a Fourth Amendment violation based upon Malavé's disclosure of information found in his personnel file.

### Privacy Act

Congress, by enacting the Privacy Act of 1974, 5 U.S.C. § 552A, has provided comprehensive private remedies for unwarranted disclosures of personal information. Polchowski v. Gorris, 714 F.2d 749, 751 (7th Cir. 1983). However, the Privacy Act applies only to agencies of the United States Government. Id; 5 U.S.C. § 552A(a)(1); St. Michael's Convalescent Hospital v. State of Cal., 643 F.2d 1369 (9th Cir. 1981); B.J.R.L. v. State of Utah, 655 F. Supp. 692 (D. Utah 1987) (Privacy Act action cannot be brought against individual officers or employees of a state agency). Therefore the Privacy Act cannot provide a basis for relief to plaintiff whose personnel file was released by Malavé. See e.g. Shields v. Shetler, 682 F. Supp. 1172 (D. Colo. 1988).

Civil No. 96-2282(PG)                                                              Page 4

### Fourth Amendment

Plaintiff alleges in his complaint that the Fourth Amendment to privacy was violated by co-defendant Malavé when he disclosed confidential information concerning Pérez-Santos' absences from his work.

"Intrusions upon personal privacy do not invariably implicate the Fourth Amendment. Rather, such intrusions cross the constitutional line only if the challenged conduct infringes upon some reasonable expectation of privacy." Vega-Rodriguez v. Puerto Rico Telephone Co., 110 F.3d 174, 178 (1st Cir. 1997). A privacy expectation must meet both subjective and objective criteria. The complainant must have an actual expectation of privacy and that expectation must be one which society recognizes as reasonable. Id.

Plaintiff had the opportunity at the hearing held on April 12, 2000, to prove his Fourth Amendment claim. Not only did he not prove the same, he did not even mention that his rights were being violated under this amendment. Malavé testified only as to the act allegedly constituting the Privacy Act violation.

### Conclusion

Plaintiff cannot maintain an action under the Privacy Act to remedy violations of his rights to privacy because the Privacy Act applies only to agencies of the United States government. In other words Malavé pleaded himself out of court because his allegations

AO 72A
(Rev. 8/82)

Civil No. 96-2282(PG)                                                                        Page 5

show that violations of privacy rights by state officials are not the type of privacy violations redressable under the Privacy Act.

Furthermore, plaintiff has failed to plead a legally sufficient claim for recovery from Malavé under the Fourth Amendment.

Accordingly, plaintiff's motion for default judgment against the remaining co-defendant, Malavé, is **DENIED**.

In addition, the complaint is hereby **DISMISSED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico _November_ _16_, 2000.

_____
JUAN M. PEREZ-GIMENEZ
U.S. District Judge

AO 72A
(Rev. 8/82)